321 So.2d 885 (1975)
Moses GRIMES
v.
RED BALL MOTOR FREIGHT, INC.
No. 10430.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
Writ Refused January 16, 1976.
*886 Wm. H. Cooper, Jr., Baton Rouge, for appellant.
Ralph Brewer, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and PICKETT, JJ.
PICKETT, Judge.
This is a workmen's compensation suit. The plaintiff Moses Grimes sustained a back injury on September 8, 1973, and received compensation benefits and medical expenses through June 16, 1974. At that time, the defendant stopped payments, relying on the medical opinion of Dr. William L. Fisher that plaintiff was then asymptomatic and able to return to his usual and ordinary occupation.
The plaintiff was also examined and treated by Dr. James W. Lorio both during the period of admitted disability and also thereafter until shortly before the date of the trial, on January 15, 1975. He was of the opinion that, in view of the nature of plaintiff's employment requirements of repeated heavy lifting, plaintiff was still disabled and Dr. Lorio advised that he not return to such work.
The Trial Judge stated the following:
"Thus the Court is faced with extreme divergence of medical opinion. However, it notes that Dr. Fisher has not seen the plaintiff since June 6, 1974, whereas Dr. Lorio has continued to treat him. Under the circumstances the Court accepts the evaluation of Dr. Lorio that the plaintiff is totally and permanently disabled."
The Trial Judge denied the claim for statutory penalties and attorney's fees, finding that the defendant had not been informed of any medical opinion contrary to that of Dr. Fisher, so that the discontinuance of payments was not arbitrary or unreasonable.
The defendant has appealed, primarily contending that the evidence is insufficient to support a finding of total and permanent disability. We find no manifest error in this respect and affirm. Plaintiff answered the appeal, asking for a review of the denial of penalties and attorney's fees. We also affirm this ruling by the Trial Judge.
At the time of the accident, plaintiff was employed as a truck driver and dock checker at the rate of $6.31 per hour. He slipped and fell from a ledge onto a drum *887 below. He apparently straddled the drum in the act of falling and sustained injuries to the lower back, groin, tailbone and genitalia. The evidence shows that his normal duties in the loading and unloading of trucks included repeated heavy lifting, (inexcess of thirty-five pounds.)
Plaintiff was hospitalized and underwent a myelogram on December 18, 1973. The results indicated a "questionable herniated intervertebral disc at the level of L5-S1 on the left."
On February 6, 1974, Dr. Fisher, assisted by Dr. Lorio, performed a lumbar laminectomy, which both physicians termed successful. Both also termed the post-operative course successful. The "extreme divergence of medical opinion" arises at the end of this post-operative period, and then only as to the plaintiff's ability to resume the duties he was formerly employed to perform. In essence, Dr. Fisher thought he could do so, but Dr. Lorio thought he could not safely do so, that is, without working in pain or risking aggravation or reinjury. (Dr. Lorio clearly stated that plaintiff was capable of gainful employment but not of work of this nature.)
The defendant contends that Dr. Lorio's opinion is founded only upon plaintiff's subjective complaints, which in turn are suspect because of certain inconsistencies in plaintiff's testimony as a whole. (The inconsistencies alleged involve the plaintiff's description of the severity and continuing nature of his pains, as compared with his testimony that he could do some housework, driving, fishing and other light work.)
We find, however, that the plaintiff's employment and military history, as shown by the record, shows that he was anything but a malingerer or hypochondriac.
But even conceding the possibility of exaggeration of complaints, the Trial Judge obviously had no reservations about the plaintiff's credibility. Moreover, these alleged inconsistencies do not bear on the ultimate question of disability as it relates to the particular job requirements. His testimony relative to the things he could still do would only be important if his former work involved similar stresses or exertions.
We hold that several well-established rules of workmen's compensation law apply.
A person is considered disabled if he cannot thereafter compete with ablebodied men in the same job market. Carlisle v. Great American Ins. Co., La.App., 291 So.2d 449 (1974); Easterling v. Employers Liability Assur. Corp., La.App., 203 So.2d 852 (1967).
A person is not required to resume the same work if he must work in pain or with substantial risk of aggravating the injury. Taranto v. Kaiser Aluminum & Chemical Corp., La.App., 280 So.2d. 403 (1973); Montgomery v. Delta Concrete Products Co., Inc., La.App., 290 So.2d 769 (1974).
The ability to perform less strenuous work does not preclude a finding of disability to perform former duties. Miller v. Morton Intern., Inc., La.App., 260 So.2d 55 (1972).
If the employer has reason to believe that the disability has diminished, he may apply to the court for a modification of the judgment and further medical examinations. La.R.S. 23:1331; Montgomery v. Delta Concrete Products Co., Inc., supra.
Finally, we find that the defendant was justified in discontinuing payments, in reliance on Dr. Fisher's opinion of June 16, 1974, and in the absence of any knowledge of a contrary medical opinion.
Accordingly, the judgment of the Trial Court is affirmed, at defendant-appellee's costs.
Affirmed.