MORIAL, Judge.
Defendants, Industrial Metals of the South, Inc., (Industrial) and Fireman’s Fund Insurance Company, appeal a judgment awarding plaintiff, Daniel D. St. Cyr, workmen’s compensation benefits for total and permanent disability.
Plaintiff suffered an injury to his left thigh in December 1974 while in the employment of Industrial. An electric saw cut into plaintiff’s left leg and completely severed the vastus lateralis muscle. Plaintiff was employed as a warehouseman at Industrial. He was required to climb, load trucks, and to pull out certain metals and cut them. Plaintiff is now employed at Schwegmann Brothers. He does very light work. He is not required to climb and does very little stooping.
Plaintiff originally was treated by Dr. A. William Dunn. He was of the opinion that plaintiff was able to perform his normal work duties as of April 1975. Thereafter, plaintiff went to Dr. Stuart Phillips, an orthopedic surgeon. Dr. Phillips found that plaintiff had a 10-15% disability of his left lower extremity and that he should not climb over ten flights of stairs a day nor work in a stooped position for long periods of time. He found that plaintiff had a permanent loss of functioning in the muscle that was cut and that he would sustain moderate pain in his back and leg for the rest of his life. Plaintiff testified to having some pain daily.
On the basis of the medical testimony, the trial judge concluded that plaintiff is working in substantial pain and that the pain caused plaintiff to miss work a number of times. The district court also found that plaintiff cannot compete with other able-bodied men in the same job market.
Defendant argues that plaintiff is engaging in work at Schwegmann’s which is simi *645 lar to that which he formerly performed and that he is still able to compete in the labor market. Defendant also contends that plaintiff is not working in substantial pain.
There is sufficient evidence in the record to support the district court’s finding that plaintiff is working in substantial pain. A person is not required to resume the same work if he must work in pain or with substantial risk of aggravating the injury. See Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1 Cir. 1974); Taranto v. Kaiser Aluminum & Chemical Corp., 280 So.2d 403 (La.App. 4 Cir. 1973). Furthermore, when a worker cannot perform the substantial duties of his former occupation or can only perform them in substantial pain, such a worker is totally and permanently disabled for workmen’s compensation purposes irrespective of the medical percentage of the loss of use of the affected member. See Hamilton v. New Amsterdam Casualty Company, 208 So.2d 158 (La.App. 4 Cir. 1968).
Plaintiff will, in our opinion, be at a disadvantage in a competitive labor market. The ability to perform less strenuous work does not preclude a finding of disability to perform former duties. Grimes v. Red Ball Motor Freight, Inc., 321 So.2d 885 (La.App. 1 Cir. 1976).
Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849, 851 (1969), (although speaking of a skilled worker) recognized that “ * * * an injured worker seeking only light work will not obtain steady employment, and in time, he will, in all probability, be routinely rejected from all jobs because of the limitations inherent in a physical impairment restricting him to light work only. * * * ” See also Miller v. Morton International, Inc., 260 So.2d 55 (La. App. 1 Cir. 1972).
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.