413 So.2d 528 (1982)
Janet G. FURTADO
v.
ALTON OCHSNER MEDICAL FOUNDATION, Argonaut Insurance Companies, et al.
No. 11938.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
*529 George C. Stringer, Jr., Charles J. Ganucheau, Harahan, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal and Darryl J. Foster, New Orleans, for defendant-appellee, Dr. Merrill O. Hines.
Monroe & Lemann, Jonathan C. McCall and Neil Ann Armstrong, New Orleans, for defendant-appellee, Carol Franklin.
Edward J. Rice, Jr., Philip O. Bergeron, New Orleans, for defendants-appellees.
Before GARRISON, CHEHARDY, and EDWARD J. STOULIG, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing plaintiff's suit on the finding of the trial court that the accident complained of did not occur. From that judgment, which we reverse, plaintiff appeals.
All parties agree to the following:
1. On the evening of June 29, 1973, plaintiff reported to work at the Obstetrics-Nursery Department of Ochsner for the 11:00 p. m. to 7:00 a. m. June 29, 30 shift.
2. On June 30 plaintiff reported to the Emergency Room of Ochsner and was given an injection of Dilaudid, a habit-forming semi-synthetic derivative of morphine.
3. Between June 30 and July 2, 1973, plaintiff saw three physicians.
4. On July 6, 1973, plaintiff was operated on for a ruptured vertebral disc in the 5th lumbar area by Dr. Echols.
6. In December of 1973, a dorsal stimulator was attached to plaintiff's spinal cord by Dr. Connolly.
7. Plaintiff did not return to work after June 29, 1973.
8. In February, 1974, plaintiff was fired because she was no longer able to work.
9. Due to plaintiff's loss of job, lack of financial means and inability to work, she suffered depression for which she was treated by Dr. Holtzman from March, 1974 through August, 1974.
10. She was readmitted to the hospital on July 25, 1976 and on April 2, 1977, and was given myelograms by Dr. Connolly.
11. As of the time of trial she was under treatment by Dr. Richardson.
12. Plaintiff was paid 60% of her salary for 13 weeks.
13. Plaintiff received all medical treatment at Oschner and, with the exception of Dr. Richardson, all medical personnel involved were Ochsner employees or contractors.
Mrs. Furtado stated that on the night in question she was called away from the OB ward and told to report to the fourth floor. While there she subdued a patient, Dominick C. Zicarello, aged 70, who was trying to get out of bed and pull out various tubes. In the course of subduing him, she injured her back. The Nursing Report for the night in question, introduced as P-6, shows that between 3 and 11 Mr. Zicarello was noted as "climbing out of bed." Zicarello's Patient Record (P-15) shows on July 30 at 4:00 a. m.:
"Trying to climb out of bed. Extremely confused. Rise & faints right bedside. Hands shaky. Very nervous."
*530 Defendant argues that either an old 1970 injury had suddenly "flared up" again or something happened while plaintiff was off duty which caused the injury. No evidence of another possible accident was introduced and we note that plaintiff had been free of pain and symptoms of the 1970 accident for several years prior to the 1973 injury.
In the recent case of Faciane [DeBattista] v. Argonaut-Southwest Insurance Co., 403 So.2d 26 (La.1981), the Supreme Court reviewed the question of plaintiff's burden of proof:
"In this civil case, the plaintiffs' burden is to prove causation by a preponderance of the evidence. This burden may be met either by direct or, as in this case, by circumstantial evidence. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971); Naquin v. Marquette Cas. Co., 244 La. 569, 153 So.2d 395 (1963).
"Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation. Weber v. Fidelity & Cas. Ins. Co. of N. Y., 259 La. 599, 608-09, 250 So.2d 754, 757 (1971)." (pages 28-29)
The evidence shows that Janet Furtado received medical treatment within the same 12-hour period in which she alleged the accident occurred. Ochsner's own reports bear out Mr. Zicarello's condition, and Furtado has undergone several extremely painful surgical procedures consistent with the accident and injury alleged. The defendants, however, have failed to produce any evidence, as distinguished from insinuation, which convinces us that the accident alleged was not the most certain source of Janet Furtado's injury. We find that plaintiff has shown by a preponderance of the evidence that the injury occurred as hereinabove described.
Having concluded that the accident which was the cause of plaintiff's injury did in fact occur, we turn now to the causes of action against Ochsner and Argonaut for workmen's compensation seeking $65.00 per week, plus medical expenses and costs. Plaintiff additionally sued Ochsner and its insurer for $750,000.00 in tort. Plaintiff further alleged that she is entitled to penalties and attorney's fees for defendants' arbitrary, unreasonable and capricious refusal to pay workmen's compensation benefits.
Plaintiff's original petition was filed on June 28, 1974, or one day before prescription. On June 19, 1975, plaintiff amended her petition, deleting the tort claim against Ochsner, the employer, and attempted to bring a tort action against several executive officers.
In response thereto, counsel for Ochsner Foundation filed an exception alleging that plaintiff's tort action had prescribed. We agree. R.S. 23:1032, as in effect at the time, provided that workmen's compensation was the exclusive remedy against the employer. Ochsner could not be a party in the tort action; therefore, filing of the workmen's compensation suit against Ochsner could not act to interrupt prescription in the executive officer tort suit. Accordingly, the tort action was not filed until June 19, 1975, or after the case had already prescribed. Counsel for Ochsner argued that the case had prescribed because of plaintiff's use of fictitious names for the executive officers listed in the amended petition. We do not address the "fictitious name" argument because, even if plaintiff had correctly stated the identities of the executive officers, the case still would have already prescribed. Accordingly, we conclude that the tort action had prescribed and the executive officer's action should be dismissed.
We now address the workmen's compensation suit presently before us. Gonzales v. Xerox Corp., 320 So.2d 163 (La., 1975). As previously held above, plaintiff suffered an injury as a result of an accident occurring within the scope of her employment, and that accident was the cause of the injuries at issue, such that workmen's compensation benefits apply.
*531 The next issue to be addressed is whether plaintiff is partially or totally and temporarily or permanently injured. Dr. Connolly, an Ochsner physician who treated Janet Furtado for five years, testified that plaintiff's nerve root compression and scars are permanent, and that she has both an anatomical and a functional disability. He further testified that he doubts that she could return to her employment as a nurse's aide, although she might be able to do some light work.
The test to be applied in the instant case, known as the "odd-lot" doctrine, is whether plaintiff can compete with ablebodied nurses' aides. Grimes v. Red Ball Motor Freight, Inc., 321 So.2d 885 (La.App. 1st Cir., 1975), writ denied 325 So.2d 278. We find, as did Dr. Connolly, that plaintiff cannot compete with ablebodied nurses' aides. Accordingly, we find that plaintiff is entitled to sixty-six and two-thirds percent of her wages for the period of disability, subject to a credit for amounts paid by the employer, plus medical expenses.
Plaintiff contends that she is entitled to attorney's fees and penalties under R.S. 1201.2 because of the employer's unreasonable and arbitrary refusal to pay workmen's compensation benefits. We do not agree. "If the asserted defenses are without a sound basis in fact or in law, penalties and attorney's fees shall be assessed." Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046, 1049 (La.App. 2nd Cir., 1980), writ denied 385 So.2d 793. In the instant appeal, we find that defendants presented a number of valid legal defenses. Accordingly, no arbitrary or capricious refusal has occurred.
For the reasons discussed, we reverse the judgment of the district court and render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Janet G. Furtado, and against the defendants, Alton Ochsner Medical Foundation and Argonaut Insurance Company, granting to plaintiff workmen's compensation benefits in the amount of SIXTY-FIVE AND NO/100 ($65.00) DOLLARS per week for the period of 500 weeks, subject to a credit for amounts paid by the employer, plus medical expenses and legal interest from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's suit against defendants Carol Franklin and Dr. Merrill O. Hines be and hereby is dismissed with prejudice at plaintiff's cost.
REVERSED AND RENDERED.
STOULIG, Judge, concurring.
I concur in the result.