COVINGTON, Judge.
This is a worker’s compensation suit. The district court found plaintiff failed to prove a compensable accident. Hence, the lower court did not reach the questions of disability or penalties and attorney fees. The plaintiff has appealed from the judgment denying him recovery and rejecting his demands.
The general facts are that plaintiff, Marcus Bates, was 24 years old and in good health and prior to the events at issue here had worked as a common laborer for several months with defendant, International Paper Company. On December 18, 1979, Bates was stacking a load of logs that had fallen from a railroad flatcar in the Osyka Woodyard of the company where he worked. During the stacking, a number of logs slid from the car, with one log striking him in the lower back, as Bates testified, or *1136 with none of the logs actually striking him, as the other witnesses testified, but forcing him to jump or leap out of the way in such a manner that he injured his back.
Immediately after the incident, Bates complained to Roderick Dykes, his supervisor, who witnessed the logs sliding off the car. After a brief period of time during which the supervisor was unable to arrange transportation to the doctor for him, Bates drove himself to Pike Memorial Hospital in nearby Kentwood, where he obtained medical treatment in the emergency room. Eleven days later he was admitted to the hospital with muscle spasms in his back, and was treated with traction and muscle relaxers. Dr. Carlton S. Faller, Bates’ physician, noted that Bates did not seem to respond to this treatment even though there were some conflicting indications from various examination procedures which were performed on the patient. Since Bates was released from the hospital on January 3, 1980, he has been unable to return to work.
In oral reasons stated at the conclusion of the trial, the district judge said that he doubted that Bates was injured on the job, placing great emphasis upon the facts that two witnesses did not see a log strike Bates and that the several doctors indicated different parts of Bates’ anatomy were injured by the log in the medical history portion of their reports. The trial judge was not satisfied that the activities of December 18,1979, resulted in any of the logs actually striking Bates, so he did not find an accident within the meaning of the Workmen’s Compensation Statute. We disagree.
LSA-R.S. 28:1021(1) defines “accident” as “... an unexpected or unforseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.” Byrer v. Southern Baptist Hospital, Inc., 350 So.2d 1233 (La.App. 4th Cir.1977). If there is a suddenness either in the precipitating incident or in the manifestation of disability, the requirement of “accident” is satisfied. Self v. Riverside Companies, Inc., 382 So.2d 1037 (La.App. 2d Cir.1980), writ denied 385 So.2d 793 (La.1980); Francis v. Kaiser Aluminum & Chemical Corporation, 225 So.2d 756 (La.App. 4th Cir.1969).
We conclude that Bates suffered an injury arising out of and in the course of his employment. Although he received no blow or trauma if we accept the factual findings of the trial judge, he was injured because of physical stress or strain, without which he would not have a back injury. The injury was accidental because it was unexpected or unforeseen, happened suddenly or violently, and produced at the time objective symptoms of an injury. See Ferguson v. HDE, Inc., 270 So.2d 867 (1972).
On the specific issue of the causal connection between the accident and the disability, the claimant is entitled to the benefit of a presumption in certain cases. If an otherwise healthy worker suffers an accident at work and is thereafter disabled, it is presumed that there is a causal connection between the two, so long as the medical evidence establishes a reasonable possibility of such a connection. This presumption is not conclusive, but it forces the defendant to come forward with sufficient contrary evidence to rebut it. Allor v. Belden Corporation, 393 So.2d 1233 (La.1981); Herrin v. Georgia Casualty & Surety Company, 414 So.2d 1323 (La.App. 2d Cir.1982). The eye witness testimony offered by the defendant merely tends to show that a falling log did not actually strike Bates; such testimony in no way refutes the happening of the accident and the painful back injury sustained by plaintiff as a result of his attempt to dodge the falling logs. The medical evidence offered by defendant fails to rebut that offered by plaintiff tending to show that Bates suffered a severe back injury as a result of the accident. There is no evidence that plaintiff underwent any trauma between the time of the accident and the time he sought medical treatment (or the time of the trial, for that matter).
In the instant case the unrebutted evidence shows that plaintiff was in good health and had no problems with his back prior to the incident in question, but that *1137 back pain appeared immediately and after-wards he was frequently in severe pain. The medical evidence is clearly to the effect that the accident was at least a reasonably possible cause of the back condition which has been diagnosed. It was therefore error for the trial court to fail to apply the well-established presumption that such conditions are caused by the incidents which they follow. Lindsey v. H.A. Lott, Inc., 387 So.2d 1091 (La.1980); Dixon v. Ruby’s Inc., 389 So.2d 73 (La.App. 1 Cir.1980).
The fact that plaintiff’s co-workers had a different version of the incident in that they did not see a log strike the plaintiff or recall any specific injury to plaintiff at that time is not controlling. We do not consider it unusual that from different vantage points, eye witnesses would see diverse events transpire and have various impressions of the same incident. The fact that plaintiff experienced immediate pain in his back after manuevering in a twisting manner in an attempt to escape the falling logs necessitating him to seek medical attention in the emergency room of a nearby hospital is sufficient in our minds to support the conclusion that a disabling condition of the back immediately appeared following the accident.
We think a clear preponderance of the medical evidence shows that plaintiff was still totally disabled at the time of trial. A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. LSA-R.S. 23:1221(2); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). We do not find ourselves in conflict with the trial judge on this issue since he did not reach it. See Conner v. Travelers Insurance Company, 324 So.2d 903 (La.App. 3rd Cir.1975), writ denied 329 So.2d 454 (La.1976).
The final issue is whether plaintiff is entitled to penalties and attorney fees. There was a reasonable basis on which the employer could reach the conclusion that Bates had not been injured on the job. The crucial dispute was whether he had sustained a job-related injury. Considering the serious legal question of causation between employment and accident, and considering the facts of the case concerning the occurrence of the accident, we do not find that the defendant was arbitrary, capricious or without probable cause in its refusal to pay benefits until after the case had been tried and decided. Bartley v. Insurance Company of North America, 388 So.2d 461 (La.App. 2d Cir.1980). We find that penalties and attorney fees provided in LSA-R.S. 23:1201.2 are not warranted in the case.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of Marcus Bates so as to award the plaintiff total and permanent disability benefits at the rate of $136.14* per week commencing from December 18, 1979 for as long as the plaintiff’s disability continues, together with legal interest on all past due installments.
Additionally, plaintiff is awarded judgment against the defendant for all medical and incidental expenses up to the maximum sum provided by law with interest at the rate of 12% per annum from the date of judicial demand until paid. Plaintiff’s demand for penalties and attorney fees is rejected. All costs in the district court, including the fees of expert witnesses, and all costs of this appeal are assessed against the defendant.
REVERSED AND RENDERED.

 Sum is based on 66% of the average weekly wage of the employee. LSA-R.S. 23:1202. Employee averaged $5,105 per hour for 40 hour week.