426 So.2d 241 (1983)
Floyd A. ROBICHAUX
v.
TERREBONNE PARISH SCHOOL BOARD.
No. 82 CA 0436.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
*242 Jerry H. Schwab, Houma, for plaintiff and appellee.
Joseph A. Reilly, Jr., Houma, for defendant and appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for workmen's compensation benefits for total and permanent disability, medical payments and statutory penalties.
*243 Judgment was rendered in the trial court in favor of the worker awarding him compensation benefits for total and permanent disability at the rate of $134.13 per week, medical bills and expenses of $340.00, and statutory penalties, including a $2,000.00 attorney fee. This suspensive appeal followed.

I. FACTS
On July 25, 1977, Floyd A. Robichaux commenced working for the Terrebonne Parish School Board (School Board) as a building custodian. On July 23, 1979, Robichaux was assigned to the Elysian Fields School in Terrebonne Parish as the head janitor. As part of his duties, he was required to lift and empty heavy garbage cans into a garbage bin for collection.
On or about January 20, 1980, Robichaux was lifting a garbage can to empty it into the bin and he felt something snap in his back. Thereafter, he felt a burning sensation accompanied by pain. He went into the school kitchen where his wife worked, told her about the incident and rested until the pain eased. Mrs. Robichaux corroborated this testimony at the trial. Robichaux indicated that he reported this incident to Robert George, the school principal. George testified that during January of 1980, Robichaux told him that "his back was bothering him and he was thinking of going to see a doctor to get it checked."
On January 21, 1980, Robichaux went to see Dr. Gary Guidry. Robichaux gave a history of back pain, but did not relate it to any specific injury. Dr. Guidry's examination revealed paravertebral muscle spasms bilaterally. Robichaux's ankle jerks were weak. X-rays of Robichaux's back showed osteophytic formation in the lumbar spine with narrowing of the L5 disc space. Dr. Guidry determined that Robichaux was temporarily disabled at that time. On February 4 and 18, 1980, and March 3, 1980, Robichaux was again examined by either Dr. Dexter Gary or Dr. Richard Landry. After the March 3rd examination, Robichaux's condition was diagnosed as degenerative disc disease with a possible disc herniation. This condition rendered him disabled from doing janitorial work.
On March 24, 1980, Robichaux went to the School Board office and saw Charles C. Collins, Jr., the Director of Business Affairs. Robichaux advised Collins that he was not returning to work, but did not mention a job related injury. Robichaux discussed retirement with Collins, but Collins indicated that he did not think that Robichaux was eligible. Robichaux submitted some medical bills for payment under the School Board hospitalization policy. No claim for workmen's compensation benefits was made at this time by Robichaux. The School Board records indicated that Robichaux left work to retire under either Social Security or the School Lunch Employees Retirement System.
On April 16, 1980, Dr. Dexter Gary sent a letter to the School Board which stated that: "By history, Mr. Robichaux sustained no specific injury although the type of work he was doing could be the cause of his injury." Robichaux subsequently consulted with an attorney and on June 19, 1980, the attorney sent a demand letter to the School Board for workmen's compensation benefit and medical payments. This suit was filed on October 13, 1980.

II. ACCIDENT
If an employee receives personal injury by accident arising out of and in the course of his employment, his employer is liable for compensation benefit and medical payments. La.R.S. 23:1031. An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. An accident arises out of the employment when it results from some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. When the performance of the usual and customary duties of a workman causes or contributes to a physical breakdown, the statutory requirements for an "accidental" injury are present. Guidry v. Sline Industrial Painters, Inc., 418 So.2d *244 626 (La.1982). A worker's pre-existing condition does not bar his recovery under the Louisiana Workmen's Compensation statute. An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. It is immaterial that the diseased or weakened condition eventually might have produced disability outside the employment situation. Guillory v. United States Fidelity & Guaranty Insurance Company, 420 So.2d 119 (La.1982).
The testimony of Robichaux, corroborated by his wife, shows that he felt a snap in his back while he was lifting a garbage can to dump the garbage in a bin. Immediately thereafter, he felt a burning sensation and pain. This testimony was apparently accepted by the trial judge. These facts show an "accident" as contemplated by the Louisiana Workmen's Compensation law. In addition, Dr. Dexter Gary testified that the activities of Robichaux in his job of a janitor, and particularly the lifting of heavy garbage cans, aggravated a pre-existing degenerative disc condition in Robichaux's lumbar spine. Thus, the performance by Robichaux of the usual and customary duties assigned to him contributed to his physical breakdown.
Considering this evidence, we cannot say that the trial judge was clearly wrong in determining that a compensable accident occurred under the facts of this case. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).

III. CAUSATION
The chain of causation required by La.R.S. 23:1031 is that the employment causes the accident, the accident causes injury, and the injury causes disability. Where there is proof of an accident and of the following disability without any intervening cause, it is presumed that the accident caused the disability. It is not necessary to determine the exact cause of the disability. Guillory v. United States Fidelity & Guaranty Insurance Company, supra.
The testimony and the medical evidence establishes a causal connection between the accident and the resulting disability by a preponderance of the evidence. Robichaux was capable of performing the duties required by his job prior to January 20, 1980. Although Robichaux had some back problems prior to that date, these problems did not keep him from working. The medical evidence shows that bending and lifting will aggravate a degenerative back condition. In the instant case, Robichaux's job activities, including the incident of January 20, 1980, caused and/or contributed to his physical breakdown.
Based on this evidence, we cannot say that the trial judge was clearly wrong in determining as a matter of fact that there was a causal relationship between Robichaux's job "accident" and his resulting disability. Arceneaux v. Domingue, supra.

IV. DISABILITY
A workmen's compensation claimant is totally and permanently disabled if he is unable to engage in any gainful employment. La.R.S. 23:1221(2). Louisiana has also adopted the "odd-lot" doctrine which provides that a claimant is also totally and permanently disabled if he can establish that because of his physical impairment and other factors, such as mental capacity, education, and training, he can perform no services other than those which are so limited in quality or dependability that a reasonably stable market for them does not exist. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). A claimant who is able to engage in some employment, though not necessarily the type of employment he was engaged in at the time of the accident, is considered to be only partially disabled. La.R.S. 23:1221(3).
At the time of the "accident", Robichaux was 58 years of age and had a fifth grade education. He testified that since the "accident", his back has constantly hurt him and that he can do no work.
Dr. Dexter Gary diagnosed Robichaux's condition as an aggravation of a *245 pre-existing degenerative disc disease causing pain and muscle spasm. This condition precluded Robichaux from doing laborious work requiring lifting and bending. Specifically, Dr. Gary testified that, based on Robichaux's medical history, clinical evidence and X-rays, he was disabled from performing his janitorial work. Robichaux's condition is progressive and will not improve. Robichaux's back is a class # 5 on the radiographic scale of classifications, which means it is the worst classification of back. Dr. Gary indicated that Robichaux could only obtain employment if it were given to him as a gratuity.
Considering this evidence, the trial judge was not clearly wrong in determining that Robichaux was totally and permanently disabled. Arceneaux v. Domingue, supra.

V. STATUTORY PENALTIES
Under La.R.S. 23:1201.2, if an employer fails to make workmen's compensation benefit and medical payments, and this failure is found to have been arbitrary, capricious, or without probable cause, the employer may be compelled to pay a penalty of 12% of the total amount of the claim, together with all reasonable attorney fees incurred by the claimant in the prosecution of the claim. This statute is penal in nature and must be strictly construed. It should be utilized only in those instances in which the facts negate probable cause for nonpayment. Martin v. H.B. Zachry Company, 424 So.2d 1002 (La.1982); Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La.1982). Where there is a serious defense presented in good faith, the assessment of the statutory penalties is not appropriate. Furtado v. Alton Ochsner Medical Foundation, 413 So.2d 528 (La.App. 4th Cir.1982), writ denied 420 So.2d 171 (La.1982).
The record reflects that the School Board asserted a serious defense in good faith on the issue of whether or not a compensable "accident" occurred. When Robichaux advised the principal of the Elysian Fields School that he was going to see a doctor to get his back checked, he only indicated that his back was bothering him. He did not state the cause of the pain and did not relate the pain to a specific job incident. When Robichaux went to the School Board office to report to the Director of Business Affairs that he was not returning to work, he did not mention a job related injury. Robichaux only made inquiries about his health insurance and his eligibility for retirement. No accident report was filed by Robichaux with the School Board. The letter of April 16, 1980, from Dr. Gary indicated only that the type of work done by Robichaux could cause the injury. When Robichaux first consulted Dr. Guidry, he did not attribute his condition to a job related accident. Considering all of these factors, we believe that the School Board acted in good faith when it litigated this claim, and thus did not act arbitrarily, capriciously or without probable cause. The judgment of the trial court, assessing statutory penalties, is clearly wrong and is reversed. Bates v. International Paper Company, 424 So.2d 1134 (La. App. 1st Cir.1982).

VI. CONCLUSION
For the foregoing reasons, the judgment of the trial court determining that the employee was totally and permanently disabled and awarding weekly compensation benefits and medical payments is correct and is affirmed. The judgment of the trial court assessing statutory penalties is clearly wrong and is reversed. The School Board is cast for all costs of this appeal.
AFFIRMED IN PART AND REVERSED IN PART.