ON APPLICATION FOR REHEARING
ALFORD, Judge.
Plaintiff-appellee, Dr. Rodney Higgins, while an intern at Charity Hospital in New Orleans, contracted in the course and scope of his employment, viral encephalitis, rendering him permanently and totally disabled under worker’s compensation. The subject of this appeal is a rule filed by plaintiff wherein he was awarded $37,-464.00 for the non-professional nursing care rendered him by his mother, Mildred Higgins, from January 11, 1980, through April 18, 1982, at the rate of $3.50 per hour.
Defendants-appellants, the State of Louisiana, Department of Health and Human Resources d/b/a Charity Hospital of Louisiana, and Rockwood Insurance Company, appealed the judgment on the rule, arguing that (1) the trial court erred in failing to rule that the claim for nursing services rendered by Mrs. Higgins had been compromised by a previous stipulation and stipulated judgment (both filed August 10, 1982) and that, accordingly, their exception of res judicata should have been sustained, and (2) alternatively, Dr. Higgins failed to adequately prove his claim.
In brief, plaintiff argued that the trial court erred in (1) failing to award the full amount sought for the nursing services rendered by Dr. Higgin’s mother and (2) failing to grant penalties and attorney’s fees sought in connection with the rule.
On original hearing, Higgins v. State, Dept. of H. & H. Resources, 451 So.2d 142 (La.App. 1st Cir.1984), this court did not consider Dr. Higgin’s arguments. We stated in a footnote that Dr. Higgins neither appealed nor answered the appeal to request a modification in the judgment, and that, accordingly, we could not consider these items, citing LSA C.C.P. art. 2133. However, as correctly pointed out by plaintiff, Dr. Higgins had in fact filed an answer to the appeal in district court, rather than with this court, and the answer was not noted in our record. Therefore, for the sake of fairness, we granted a rehearing on all issues noted above.
After again carefully reviewing the record, we affirm our decision in the original hearing relative to the issues of compromise and res judicata.
Defendants argue that the claim for the nursing services of Mrs. Higgins was res judicata because of a stipulation between Dr. Higgins and defendants filed August 10, 1982. The August 10, 1982, stipulation was entered into as a compromise for certain medical expenses incurred by Dr. Higgins, including nursing services amounting to $8,435.00. Defendants maintain that the August 10, 1982, stipulation was a compromise of nursing services sufficient to bar, as res judicata, Dr. Higgins’ subsequent rule filed November 12, 1982, seeking $58,-719.50 for nursing services rendered by Mrs. Higgins.
*953 As we noted in our original opinion, although the charges for Mrs. Higgins’ nursing services arose prior to the August 10, 1982, stipulation, the record indicates that the stipulation was not intended to, nor did it, include the nursing services performed by Mrs. Higgins.,
On the hearing of the rule for Mrs. Higgins’ nursing services, the trial court dealt with the issues of res judicata and compromise. Statements were made by counsel for Dr. Higgins and the trial court judge that the instant rule was the first time a claim had been made for Mrs. Higgins’ nursing services. Counsel for defendants made no effort of record to negate these assertions.
A compromise agreement extends only to those matters which the parties expressly intend to settle. LSA C.C. art. 3073. Considering the record as a whole, we cannot say that the trial court judge was clearly wrong in finding that the charges for Mrs. Higgins’ nursing services were not included in the August 10, 1982, stipulation, and thus, had not been compromised. Accordingly, the decision of the court below is affirmed in favor of Dr. Higgins as to the defendants’ pleas of compromise and res judicata.
Defendants also argue that plaintiff did not sufficiently prove his claim. At the same time, plaintiff contends that the trial court judge erred in awarding Dr. Higgins $37,464.00 instead of the full amount demanded. As the resolution of these issues is interrelated, we will deal with them together.
The bill for nursing services rendered by Mrs. Higgins was based on records kept in her calendar contemporaneously with her work. The nursing services award encompassed services rendered from January 11, 1980, through April 18, 1982. Although we are well aware that Mrs. Higgins did not reconstruct from her records the hours actually spent with Dr. Higgins until June of 1982, we note that, based on Mrs. Higgins’ uncontradicted testimony, the trial court judge felt, and we agree, that Mrs. Higgins did the very best she could. The judge below listened to counsel for both sides question Mrs. Higgins. He also questioned her himself. It is obvious from reading the testimony on the rule that the trial court judge was carefully assessing the time periods testified to and evaluating Mrs. Higgins’ testimony as to credibility and accuracy. It is well settled that the reviewing court must give great weight to the reasonable evaluations of credibility and reasonable inferences of fact made by the trial court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Keohring Company, 283 So.2d 716 (La.1973). Under the facts of this ease, we cannot say that the court below was clearly wrong in finding that Dr. Higgins had sufficiently proved his claim for nursing services rendered by Mrs. Higgins in the amount of $37,464.00.
Dr. Higgins has argued that he is entitled to penalties and attorney’s fees under LSA R.S. 23:1201.2 because defendants arbitrarily and capriciously refused to pay his claim for nursing services rendered by Mrs. Higgins and refused to guarantee payment of future treatment at Mount Sinai Hospital in New York.
LSA R.S. 23:1201.2 is applicable only to an employer not covered by insurance [1] however, LSA. R.S. 22:658[2] contains a sim *954 ilar provision for penalties and attorney’s fees in the event of an insurer’s failure to pay a claim when such failure is found to be arbitrary, capricious, or without probable cause. Concerning LSA R.S. 22:658, this court in Shatoska, v. Intern. Grain Transfer, Inc., 430 So.2d 1255, 1262 (La. App. 1st Cir.1983) said:
This statute is penal in nature and must be strictly construed. It should be utilized only in those instances in which the facts negate probable cause for nonpayment. The burden is on the claimant to prove entitlement to penalties. Hammond v. Fidelity & Casualty Company of New York [419 So.2d 829, 831 (La. 1982)], supra; Moore v. Millers Mutual Fire Insurance Company of Texas, 406 So.2d 708 (La.App. 2nd Cir.1981), writ denied 410 So.2d 1132 (La.1982); Batiste v. Pointe Coupee Constructors, Inc., 401 So.2d 1263 (La.App. 1st Cir.1981), writ denied 409 So.2d 615 (La.1981). Where there is a serious defense presented in good faith, the assessment of the statutory penalties is not appropriate. Furtado v. Alton Ochsner Medical Foundation, 413 So.2d 528 (La.App. 4th Cir.1982), writ denied 420 So.2d 171 (La. 1982).
Regarding Mrs. Higgins’ nursing services, defendants’ defenses of compromise and res judicata involved questions of fact upon which reasonable persons could disagree. As did the trial court judge, we feel that these were serious defenses in good faith and that defendants did not act arbitrarily, capriciously or without probable cause. Penalties were properly denied.
Dr. Higgins also argued that defendants’ failure to provide a written guarantee that defendants would pay all future medical and incidental expenses that Dr. Higgins might incur at Mount Sinai Hospital in New York entitles Dr. Higgins to statutory penalties. Dr. David Dunn recommended by deposition that Dr. Higgins be treated at Mount Sinai. By letter dated November 11, 1982, counsel for Dr. Higgins made formal request to defendants for such written guarantee of payment. Dr. Higgins ruled defendants into court on the Mount Sinai matter, along with the claim for Mrs. Higgins’ nursing services. At the hearing of the rule on January 28, 1983, defendants stipulated that they would pay the costs of examination, evaluation, and incidental expenses that Dr. Higgins would incur at Mount Sinai Hospital.
LSA R.S. 22:658 requires that the insurer “pay the amount of any claim due" within sixty days after receipt of “satisfactory proofs of loss” and demand therefor. As noted above, this statute is penal in nature and must be strictly construed. Under the strict wording of the statute, an insurer is required to “pay”— not guarantee future payment of — any claim due the insured. Accordingly, penalties and attorney’s fees were properly denied.
For the foregoing reasons, the judgment of the trial court is affirmed in all respects.
Appellants are to pay all costs of the original appeal.
Appellants and appellee are to share any costs of rehearing.
AFFIRMED.

. As LSA R.S. 23:1201.2 read prior to the 1983 amendments.

. LSA R.S. 22:658 reads as follows:
Payment of claims, policies other than life and health and accident; penalties
All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the *954 prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney’s fees.