FOIL, Judge.
These consolidated cases involve a wrongful death action brought by the surviving spouse and five children of Margaret Ewing, as well as an action for damages suffered by the youngest child, Troy Ew *883 ing. Mrs. Ewing was admitted to Woman’s Hospital in East Baton Rouge Parish in the early morning hours of February 9, 1979, in labor for the birth of her fifth child. Approximately eleven hours later, her uterus ruptured and she died as a result of suffering a massive amniotic fluid embolism. A baby boy, Troy Ewing, was delivered in very poor condition by emergency cesarean section. Today, due to suffering severe anoxic brain damage prior to his birth, Troy Ewing has cerebral palsy and is a spastic quadriplegic with severely depressed cognitive, motor and language development.
PROCEDURAL HISTORY
Two suits were instituted, one by Kenneth W. Ewing individually and as tutor of his minor children for the wrongful death of Margaret Ewing, and the other by Mr. Ewing as natural tutor of Troy Ewing for the damages suffered by Troy. Both suits named as defendants Dr. Clinton C. Au-bert, Mrs. Ewing’s obstetrician; Dr. De-byani Mehta, her anesthesiologist; and Woman’s Hospital Foundation. The wrongful death and personal injury suits were later consolidated. Dr. Mehta was voluntarily dismissed from both suits by plaintiffs.
Dr. Aubert, who is a qualified health care provider under the provisions of the Medical Malpractice Act (La.R.S. 40:1299.41 et seq.), filed a dilatory exception of prematurity which was sustained by the trial court. Plaintiffs then filed a request for a review of their claim with the Commissioner of Insurance of the State of Louisiana (Commissioner). A medical review panel convened to review the claims against Dr. Aubert and subsequently rendered the opinion that he had failed to comply with the appropriate standard of care as charged in the complaint. Dr. Aubert and his insurer, St. Paul Fire and Marine Insurance Company then filed a motion seeking to deposit the policy limits of $100,000.00 per claim into the registry of the court and requesting that they be relieved from any further liability. The trial court granted the motion.
Thereafter, plaintiffs filed a joint petition along with the Louisiana Patient’s Compensation Fund, the office of the Attorney General of the State of Louisiana (Attorney General), and the office of the Commissioner, for authorization to settle a medical malpractice claim in the wrongful death suit. Dr. Aubert and his insurer filed a waiver of the service requirement and delays for responsive pleadings provided for by La.R.S. 40:1299.44C. Pursuant to the trial court’s approval of the settlement of the wrongful death claim, plaintiffs received $400,000.00 plus accrued interest from the Patient’s Compensation Fund and withdrew the $100,000.00 from the court’s registry as deposited by Dr. Aubert and his insurer.
Approximately one year later, the Commissioner, as administrator of the Patient’s Compensation Fund, filed a Petition of Intervention in the suit for Troy Ewing’s personal injuries. Therein, intervenor alleged that, pursuant to La.R.S. 40:1299.44, subd. C(5), Dr. Aubert deposited the full coverage of his medical malpractice liability policy into the registry of the court and, by virtue of the same, intervenor must pay the remainder of any damages due up to the statutory limitation of $500,000.00. Plaintiff filed an answer to the petition of intervention denying certain allegations contained therein, but praying that there be judgment against the Commissioner. The trial court later approved a settlement of the personal injury claim between plaintiff and the Patient’s Compensation Fund, the office of the Attorney General, and the office of the Commissioner, pursuant to which plaintiff received $400,000.00 plus accrued interest from the Fund and withdrew the second $100,000.00 deposited in the court’s registry by Dr. Aubert and his insurer.
Plaintiff subsequently filed an amending and supplemental petition in the personal injury suit against defendants, Dr. Clinton C. Aubert and Woman’s Hospital Foundation, contending that the statutory limit of liability fixed by the Medical Malpractice Act is unconstitutional in that it arbitrarily and unreasonably discriminates against *884 Troy Ewing. Dr. Aubert filed a motion for summary judgment, seeking dismissal of plaintiffs suit on the grounds that the claim had been settled and compromised. After a hearing, the trial court denied the motion without reasons. Dr. Aubert and his insurer applied to this Court for writs, which application was finally granted in part and denied in part. On April 21,1986, this Court ordered the trial court to vacate the judgment denying the motion for summary judgment insofar as it affects plaintiff’s request for judgment in excess of the statutory limits of the Medical Malpractice Act, and enter judgment in Dr. Aubert’s favor. Furthermore, this Court ordered that the writ be denied insofar as it affects plaintiff’s claim for future medical expenses against the Patient’s Compensation Fund. From a judgment signed in conformity therewith, this appeal was perfected by Kenneth W. Ewing as tutor of his minor child, Troy Ewing.
Plaintiff urges the following assignments of error:
(1) The trial court erred in granting defendant’s motion for summary judgment because it denies plaintiff his constitutional rights to open access to the courts under Article I, Section 22 of the Louisiana Constitution of 1974.
(2) The trial court erred in granting defendant’s motion for summary judgment because plaintiff properly raised his equal protection challenge, thus raising genuine issues of material fact.
(3) The trial court erred in granting defendant’s motion for summary judgment because plaintiff has not settled anything with defendant, Dr. Aubert.
In effect, plaintiff would have this Court reverse itself. Inasmuch as there has been no change in the law as relates to the facts of this case, we are unwilling to do so. Moreover, since we find that there was a settlement between plaintiff and Dr. Au-bert and his insurer, we pretermit discussion of the constitutional issues raised by assignments number one and two.
SETTLEMENT
A settlement or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. La.Civ.Code art. 3071. A compromise or transaction has, between the parties, the effect of a thing adjudged. La. Civ.Code art. 3078. A release of a claim in exchange for consideration received is, in effect, a compromise which can constitute the basis of a plea of res judicata. Higgins v. State, Department of Health & Human Resources, 451 So.2d 142, 144 (La.App. 1st Cir.), aff'd on rehearing, 458 So.2d 951 (La.App. 1st Cir.), writ denied, 460 So.2d 607 (La.1984).
The sole duty of the medical review panel is to express its expert opinions; no findings are made by the panel as to damages and its findings are not binding on the litigants. Derouen v. Kolb, 397 So.2d 791, 794 (La.1981). Here, Dr. Aubert and his insurer voluntarily filed a motion to deposit the policy limits into the registry of the court based on their knowledge of the conclusion of the medical review panel and the reasons therefor. Moreover, the motion specifically expressed the desire to take advantage of the provisions of La.R.S. 40:1299.44C(5) by paying the full coverage of $100,000.00. By the express language of this statutory provision, the liability of the health care provider is admitted and established where the insurer has paid its policy limits of $100,000.00.
We conclude that a settlement took place between plaintiff, the tortfeasor and his insurer in this case. In consideration therefor, plaintiff received the full amount allowed by law at that time, namely, $100,-000.00 from a qualified health care provider for injuries to or death of any one patient. La.R.S. 40:1299.42B(2). By acquiescing in the accomplishment of the objective of the Medical Malpractice Act, by withdrawing the statutory limits from the registry of the court, plaintiff effected a release of Dr. Aubert and his insurer from further liability. It is of no moment that the Louisiana Supreme Court, in Sibley v. Board of Su *885 pervisors of Louisiana State University, 477 So.2d 1094 (La.1985), held on rehearing that prohibiting malpractice judgments in excess of $500,000.00 classified individuals because of their physical condition and may be unconstitutional. Plaintiff was certainly free to raise the issue of the constitutionality of the Act prior to Sibley, and prior to accepting consideration in exchange for the settlement of a claim.
For the above reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.