BEER, Judge.
This devolutive appeal involves a claim for maximum disability under the Workmen’s Compensation Act. Plaintiff’s petition was filed on November 8, 1968 alleging that a disabling back injury covered by the Act took place on November 11, 1967. Although defendant answered the petition promptly — on December 2, 1968— the matter was not tried in the Twenty-Fifth Judicial District Court until October 10, 1973. Judgment was rendered on May 7, 1974. The record was filed in this court on November 27, 1974 and the case argued before us on March 7, 1975.
From February 28, 1968, when he returned to work, until the present, plaintiff-appellant Pierce has continuously worked for defendant-appellee Kaiser.
Although the original petition was never amended, Pierce contended at the trial that his back injury of November 11, 1967 had later been aggravated by subsequent injuries in July of 1969 and April of 1972.
The trial court found that Pierce was injured in the course and scope of his em *510 ployment on November 11, 1967 and that he was disabled as a result of this injury from that date until February 28, 1968. The court further found that on February 28, 1968 he returned to work and satisfactorily performed all functions of his same job with no difficulties and that his other alleged injuries were neither related to nor emanated from the injury of November 11, 1967. The trial court based these conclusions on the expert medical testimony of Dr. Corales, the original treating physician, and Pierce’s uninterrupted work schedule, without difficulty or disability, from February 28, 1968 to July 1, 1969. Parenthetically, the court noted that Pierce never amended his original petition even though he did not seek to have the matter set for trial until August of 1970 — over a year after the alleged aggravation of July 1969.
On the basis of these findings the trial court awarded weekly benefits for the period November 11, 1967 through February 27, 1968 subject to a credit for certain sums previously paid. The court also ordered defendant-appellee to pay certain medical expenses arising from the treatment of Pierce by Dr. Corales following the initial injury.
Pierce’s initial alleged injury of November 11, 1967 had serious consequences. A lumbar myelogram performed on November 21, 1967 revealed a disc at L-A of a transverse nature. The next day a bilateral partial hemi-laminectomy was performed by Dr. Corales with the removal of a transverse disc at L-4. Pierce was discharged from Baptist Hospital on December 3, 1967 and was fully ambulatory by December 22, 1967. By January 30, 1968 he was free of pain but still had some back stiffness. On February 23, 1968 he was cleared to return to work on February 28, 1968 by Dr. Corales and he did return to his former job as of that date.
Pierce acknowledged that he did return to his old job in February of 1968 and was able to do his regular work, but claimed that he worked in pain. He testified that he re-injured his back in July of 1969 when he stooped over on the job and also that he was obliged to take some time off from work in 1972 “on account of my back.” No specific incident is described in his testimony with respect to the 1972 episode.
Pierce admitted that from February of 1968 until July of 1969 he had no occasion to seek any medical treatment or advice and that throughout that time he was performing his full duties as a “tapper” — the same job he had on November 11, 1967 when he was originally injured. He also acknowledged that from November 1969 until December of 1972 he continued to perform the same work as a “tapper.” Late in 1972 he switched to crane operator and was working full-time in that capacity at the time of trial.
In an effort to give Pierce every opportunity to fully present his somewhat disjointed claims, the trial court, in effect, allowed instanta amendment of the pleadings over defendant’s objections and heard all the evidence that Pierce sought to introduce regarding the alleged aggravations of his 1967 injury.
During each of the three periods that Pierce was away from his job (i. e. November 13, 1967 to February 27, 1968; July 28, 1969 to November 4, 1969 and August 20, 1973 to October 8, 1973) he was paid by Kaiser under the terms of the sickness and accident provisions of the union contract at a far higher rate than that required by the Workmen’s Compensation Statute. Kaiser did not dispute Pierce’s entitlement to these substantial payments but neither did they acknowledge, either actually or by implication, that the payments were interrelated in any way.
The two instances when Pierce took off from work following his original return in February of 1968 cannot be presumed to be the result of aggravation of the original injury. Pierce had the burden of proving this and failed to do so in the opinion of *511 the trial court. Likewise, he failed in his proof of working in pain.
The trial court was painstaking in its effort to allow Pierce every opportunity to prove his case. It was able to hear and observe the witnesses and the plaintiff himself. It was fully cognizant of the duty it had to give liberal interpretation to the Workmen’s Compensation Act.
We find no manifest error in the findings, conclusions and judgment of the trial court. We believe that the record fully supports same.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.