339 So.2d 339 (1976)
Dorothy Ardoin CAMPBELL et al.
v.
FIDELITY & CASUALTY CO. OF NEW YORK.
No. 58154.
Supreme Court of Louisiana.
November 8, 1976.
*340 A. Gaynor Soileau, Fusilier, Pucheu & Soileau, Ville Platte, for plaintiffs-appellants.
Paul J. Breaux, Allen, Gooch & Bourgeois, Ltd., Lafayette, for defendant-appellee.
DENNIS, Justice.
Plaintiff, Dorothy Ardoin Campbell, widow of Roosevelt Campbell, in her own capacity and in behalf of her minor child, Iris Ann Campbell, sued defendant, Fidelity & Casualty Company of New York, Evangeline Timber Company's workmen's compensation insurer, seeking inter alia reimbursement for $7,535.38 in medical expenses (in addition to the $12,500 already paid by the defendant) which had been incurred during treatment of her husband during the interval between his work-related injury on May 5, 1973, and his death on July 8, 1973. Both the trial court and the Third Circuit Court of Appeal rejected plaintiff's demands, finding that no "undue and unusual hardship" resulted from defendant's denial of additional medical benefits. We granted certiorari to review the decisions of the lower courts and, for the reasons hereinafter set forth, we reverse.
No factual dispute is presented by the instant case. The relevant facts, as stipulated by the parties, are as follows: the plaintiff was married to Roosevelt Campbell. On May 5, 1973, while in the employ of Evangeline Timber Company, a small corporation owned solely by him, Roosevelt Campbell sustained bodily injuries in a work-related accident which resulted in his death on July 8, 1973. Medical expenses totalling $20,035.38 were incurred as a result of Campbell's injuries. The defendant paid $12,500 of these expenses, leaving $7,535.38 to be paid by Campbell's widow. At the time of his demise, Roosevelt Campbell owned no separate property; his entire estate was one-half the community property, the total value of which, at the time of his death, amounted to $67,263.98.
At the time of the present litigation,[1] La.R.S. 23:1203 provided:

*341 "The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars, ($12,500.00), except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer.
"* * *
"Upon a showing by the injured employee in a court of competent jurisdiction by a preponderance of the evidence that as a result of the injury he necessarily requires medical, surgical or hospital services or medicine to a sum in excess of twelve thousand five hundred dollars ($12,500.00) and that unless same are furnished by the employer he will be subjected to undue and unusual hardship, the court in its discretion may order the employer to furnish same, not to exceed the additional sum of twelve thousand five hundred dollars ($12,500.00)."
The legal issue presented is whether plaintiff demonstrated by a preponderance of the evidence that as a result of the fatal injury of her husband he necessarily required medical services to a sum in excess of $12,500 and that unless same were furnished he would have been subjected to undue and unusual hardship.
The trial judge was of the opinion that
"* * * [T]he `undue and unusual hardship' provision of Revised Statute 23:1203 is not applicable in this case for the reason that the Court is of the opinion that such a condition does not exist in the case at bar and therefore the excessive medical payment provided for in the said statute should be disallowed; * *."
The court of appeal found no error in the trial court's ruling on this question; in its view
"* * * Whether plaintiff [was] entitled to receive additional medical benefits under * * * [La.R.S. 23:1203] depend[ed] on whether she * * * proved by a preponderance of the evidence that unless the additional amount in excess of $12,500.00 [was] furnished by the defendant she [would] be subject[ed] to undue and unusual hardship."
In reviewing the correctness of the lower courts' rulings, we are guided by the familiar principle that the Louisiana Workmen's Compensation Statute is liberally to be construed to protect the employee from loss due to employment related to injury, and to place on the employer, who can more readily bear it, the risk of that loss. Hall v. Pipe Line Service Corp., 233 La. 821, 98 So.2d 202 (1957); Geist v. Martin Decker Corp., 313 So.2d 1 (La.App. 1st Cir. 1975); Pierce v. Kaiser Aluminum and Chemical Corp., 311 So.2d 509 (La.App. 4th Cir. 1975).[2]
We are unable to determine whether the trial court, in finding that the instant case presented no "undue and unusual hardship" requiring an award of additional medical benefits, sought to determine whether the deceased workman's widow and heirs were subjected to unusual hardship after his death or if the workman himself would have been subjected to undue hardship in furnishing them for himself. A fair reading of the court of appeal decision suggests *342 that it, incorrectly in our view, applied the former test.
The relevant inquiry, under La. R.S. 23:1203, is whether, as medical expenses exceeding $12,500.00 accrue, their payment by the injured employee, rather than by his employer, would amount to an undue and unusual hardship. If so, then excess medical benefits may be awarded. Furthermore, a deceased employee's right to recover pre-death unreimbursed medical expenses is heritable and transmissible to his heirs. Turner v. Southern Wheel and Rim Service, Inc., 332 So.2d 770 (La.1976).
The court of appeal simply looked to the assets theoretically available for the payment of the $7,535.38 in medical expenses after the death of the employee, and made its determination based on the value of the community at the time of the employee's demise. Included in the $67,263.98 figure representing the value of the community were substantial sums representing the value of the family home, household furnishings and fixtures, automobiles, immovable property and the like. We cannot conclude that the legislature, while providing that in cases of hardship the employer could be compelled to pay medical expenses exceeding $12,500.00, intended that the courts, in determining whether the employee was confronted with undue hardship in paying excess medical expenses, simply determine whether the value of his assets exceeded liabilities. Instead, we conclude the assessment of a hardship is more than a matter of mathematics and involves a consideration of the employee's total circumstances at the time the need for the medical expenses arises.
The court of appeal found that payment of medical expenses amounting to more than ten per cent of the total value of the community existing between the deceased and the plaintiff was not so burdensome as to amount to an undue and unusual hardship. We find this conclusion and the similar conclusion reached by the trial judge erroneous because they were not based upon a full consideration of the factors that may have contributed to the employee's hardship. Furthermore, applying the test which we herein expressed, i. e., that the question of hardship is to be resolved as of the time the medical expenses accrue, and not at some later time, the court of appeal erred in simply weighing the hardship of paying $7,535.38 in medical expenses against the total value of the community.
At the time the medical expenses herein sought to be recovered were incurred, Roosevelt Campbell was seriously injured and out of work. He had no separate property, and the record reveals no other significant source of income, with the possible exception of workmen's compensation benefits, to aid him in meeting day-to-day living expenses. His essentially one-man business, Evangeline Timber Company, had likely ceased to produce income, and if it produced any, to the extent it was not used to satisfy day-to-day living expenses, it would have been reflected in the inventory of the deceased's community. Nevertheless, he continued, for as long as he lived, to be the head of a family with two dependents.
We find by a preponderance of the evidence that under the total circumstances existing when the additional medical services became necessary that Mr. Campbell was subjected to an undue and unusual hardship and was therefore entitled to reimbursement for the costs incurred over $12,500.
Accordingly, the judgment of the court of appeal insofar as it dismissed plaintiff's claim to excess medical benefits under La.R.S. 23:1203 is reversed. It is ordered, adjudged and decreed that there be judgment in favor of Dorothy Ardoin Campbell individually and in behalf of her minor child, Iris Ann Campbell, against Fidelity & Casualty Company of New York in the amount of $7,535.38 and for all costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] By La. Acts 1975, No. 583, § 6 this section of the Workmen's Compensation Statute was amended to remove any limit on the amount of medical expenses for which the employer may be liable. La.R.S. 23:1203 was further amended by La. Acts 1976, No. 400, § 1 and provides as follows:

"Medical expenses, duty to furnish; prosthetic devices
"The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal.
"The employer shall likewise furnish to the employee the necessary cost of repair to, or the replacement of, any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment including, but not limited to, damage or destruction of eye glasses, artificial limbs, hearing aids, dentures, or any such prosthetic device whatsoever.
"In addition the employer shall be liable for mileage reasonably and necessarily traveled by the employee in order to obtain the services, medicines and/or devices which the employer is required to furnish under this Section. The extent of the employer's liability shall be determined in accordance with the standard mileage rates used by the United States Internal Revenue Service in computing the mileage deduction allowed for medical care under Section 213 of the Internal Revenue Code."
[2] We have found only one reported case awarding medical benefits in excess of the conditional maximum set by La.R.S. 23:1203. See, Panebiango v. Main Insurance Co., 293 So.2d 536 (La.App. 4th Cir. 1974). In that case there was no discussion of the meaning of the phrase "undue and unusual hardship." The court of appeal simply affirmed the trial judge's ruling as being within his sound discretion. Neither can we avail ourselves of decisions reached under similar facts in the courts of our sister states. Louisiana's imposition of a fixed limit for medical benefits subject to extension for a limited additional amount appears unique. 2 Larson, Workmen's Compensation Law, § 61.11 at 10-435.