382 So.2d 1037 (1980)
Vernon SELF, Plaintiff-Appellee,
v.
RIVERSIDE COMPANIES, INC., Defendant-Appellant.
No. 14082.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Rehearing Denied May 13, 1980.
Writ Refused June 23, 1980.
*1038 Baker, Culpepper & Brunson by Bobby L. Culpepper and J. M. McDonald, Jonesboro, for defendant-appellant.
Jim W. Wiley, Winnfield, for plaintiff-appellee.
Before PRICE, MARVIN and McCLENDON, JJ.
En Banc. Rehearing Denied May 13, 1980.
MARVIN, Judge.
In this worker's compensation appeal, the employer questions whether an employee suffers a personal injury by accident within the meaning of the law, when the employee's artificial hip (femoral prosthesis) fails or gives way when the employee is lifting an object during the course and scope of employment. LRS 23:1021(1), (6); 23:1031.[1]
*1039 We answer affirmatively and affirm judgment in favor of the employee.
The claimant-employee was an orderly in defendant's nursing home and was lifting a patient when the incident occurred. About 10 years before the incident, a Charnley-Muller prosthesis (the ball which moves in the hip socket) had been fitted into the claimant's femoral canal with methacrylate glue. The stress of the lifting caused the glue to crack and allowed the prosthesis to twist and to be pushed deeper into the canal. When this occurred, the claimant gasped and grabbed his hip. He then tried to walk from the patient's room and down the hallway by using a handrail but was overcome by pain and eased himself to the floor. The occurrence is corroborated by another employee who helped lift the patient.
The employer contends that there was no personal injury by accident because the medical expert agreed that the glue was expected to fail "in time" and because this was not the failure of a member or organ of the body. The employer neglects to note that the expert also testified that he found the claimant in the emergency room in acute pain, that he found evidence of old bleeding around the prosthesis when surgery was performed a few weeks later (indicating an "acute episode"), and that extensive surgery was required to correct the failure and re-fit claimant with a Harris prosthesis of newer material and design.
We begin with the "familiar principle" that the workmen's compensation law is to be liberally construed to protect the employee from loss arising out of an employment-related injury. Campbell v. Fidelity & Cas. Co. of New York, 339 So.2d 339 (La.1976).
We have no problem finding the incident was an accident under the law even though the failure of glue might have been expected in time. Louisiana has adopted the accidental result approach as distinguished from the accidental cause approach in determining whether there is injury by accident. If, to the employee, an unexpected or an unforeseen result is produced suddenly and violently, with objective signs of injury, the statutory requirements for accidental injury are fulfilled. § 1021, 1031; Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App.2d Cir. 1977), writ refused.
A Louisiana employer takes his employee as he finds him. An employee's disability is compensable if a work-related accident aggravates or accelerates a pre-existing condition to produce disability. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). The benefits of the act are payable primarily for disability. LRS 23:1221(1), (2), and (3).
There was personal injury here. There was trauma to the femur itself and to the surrounding blood vessels and tissues when the metal prosthesis was twisted and forced downward by the lifting of the patient. There was acute pain and bleeding, objectively found. There was further trauma from the extensive surgery which was required in a few weeks following the incident. There was total disability for 51 weeks as a result of the incident.
A Louisiana employer is obligated to pay the cost of repairing or replacing any prosthetic device damaged or destroyed by accident.[2] Larson states that this type statute is employed by the courts of other states in prosthetic appliance-injury cases to uphold an award of disability compensation where there is no specific statute otherwise applicable, and, especially as here, where the damage to the prosthesis also causes a physical injury. Larson's Workmen's Compensation Law, § 42.12, pp. X-XXX-XXX.
*1040 The defendant-employer also complains that penalties and attorney's fees should not have been awarded. Again we cannot agree. Defendant had knowledge of the accident and claimant's disability. Defendant caused claimant to be transported to the hospital. Demand was made on defendant to pay medical and prosthetic expenses and compensation. Without seeking medical or legal advice, defendant refused payment solely on the basis that its president ". . . felt that the employee's injury was not the result of an accident, but was due to normal wear and tear of the hip joint." Again we mention that the employer takes his employee as he finds him whatever his susceptibility to disabling injury. The lower court did not err in awarding penalties and attorney's fees. LRS 23:1201.2. We are unable to award additional attorney's fees for services on appeal in the absence of either an appeal or an answer to the employer's appeal by the employee. CCP 2133. Gour v. Daray Motor Co., 373 So.2d 571 (La.App.3d Cir. 1979).
At the employer's cost, judgment is
AFFIRMED.
NOTES
[1] LRS 23:1021:

"(1) `Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
* * * * * *
"(6) `Injury' and `personal injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted."
LRS 23:1031 (in part):
"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."
[2] LRS 23:1203 (in part):

"The employer . . . shall furnish to the employee the necessary cost of repair to or the replacement of any prosthetic device damaged or destroyed by accident . . . including but not limited to damage or destruction of. . . artificial limbs . . ."