398 So.2d 624 (1981)
Dennis P. BILLIOT et al.
v.
ALTON'S BAKERY OF MORGAN CITY, INC.
No. 14006.
Court of Appeal of Louisiana, First Circuit.
March 23, 1981.
J. P. Morella, Patterson, for plaintiffs.
Kim P. Stansbury, Lippman, Mahfouz & Martin, Morgan City, for appellant-defendant.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This is an action for workmen's compensation benefits. Plaintiffs, Dennis P. Billiot and Lucille A. Billiot, were granted judgment against Alton's Bakery of Morgan City, Inc., awarding benefits at the rate of $141.00 per week from December 28, 1978 to April 19, 1979, with legal interest on past due payments, medical expenses, statutory penalties, attorney's fees and costs (including expert witness fees and deposition costs). Defendant has devolutively appealed, and plaintiffs have answered. We affirm.
The plaintiffs assert that Mrs. Billiot sustained disabling injuries to her back on November 27, 1978, when she slipped and fell at the business establishment of Alton's Bakery while in the course and scope of her employment as assistant manager of the bakeries owned by her employer. At the time of her fall, Mrs. Billiot was attempting to move a heavy donut fryer. As a result of this accident she suffered a lower back injury. At the time of her fall, there were two young boys, who were hired part-time by her to help her rearrange the back room for a donut operation, present in the room *625 but in another section of the room moving equipment. Her son, Eugene Billiot, who was 15 years old, was in the bakery helping to clean up another part of the bakery. None of these helpers seemed to remember the accident, although Eugene testified that one of the boys told him his mother had fallen. Mrs. Billiot reported the fall to Alton Dinger, the owner of the bakery, as soon as she saw him the next morning. He suggested she go to the doctor; however, Mrs. Billiot thought that she was not hurt so she did not seek medical attention until some weeks afterwards. In fact, she was able to work the next day, but the pain became so severe that she was eventually forced to go to the doctor. She first saw Dr. Melvin Bourgeois on December 11, 1978. Then she went to Dr. Bourgeois' partner, Dr. Robert Blereau, who hospitalized her for two weeks. The doctors diagnosed her condition as a lumbosacral strain. While in the hospital, Mrs. Billiot was treated conservatively and administered analgesics. She was also seen by Dr. Jeffery Fitter, an orthopedic surgeon of Morgan City, who confirmed the diagnosis and treatment of the general practitioners. The record reflects that Mrs. Billiot is a hard-working woman who has been the sole support of her invalid husband and several children for a long period of time.
In the case at bar the trial judge, in a well-reasoned oral opinion, recognized that the testimony of Mrs. Billiot alone was sufficient to establish the occurrence of an accident. The principle regarding the sufficiency of the employee's testimony alone is that such testimony, if plausible, consistent and supported by corroborating circumstances, is sufficient to constitute a preponderance of the evidence and prove the compensable accident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Gurry v. Allied Metals, Inc., 379 So.2d 871 (La. App. 4 Cir. 1980).
As did the trial judge, we find sufficient corroboration of the employee's testimony in this instance. Mrs. Billiot's testimony was clear, plausible and consistent. In addition, we note that her report of the fall is corroborated by her employer (Mr. Dinger). When she first saw him the next morning, she told him of the accident. The orthopedist confirmed the injury and considered her "sincere in her complaints." In her history to Dr. Bourgeois on December 11, 1978, she told him that she had fallen about two weeks earlier at Alton's Bakery and injured herself. Moreover, we note that Mrs. Billiot's work record, as well as her conduct and attitude following the injury, is indicative of honesty and integrity. In the instant case it is apparent that the trial judge believed the employee's testimony. The other evidence does not offset these favorable circumstances and the totality of the evidence proves the employee's compensable accident by a preponderance of the evidence. We thus find no merit in appellant's contention that the employee failed to prove that an accident occurred at Alton's Bakery on the night of November 27, 1978, resulting in back injury to the employee.
Appellant further asserts that even if an accident occurred as testified to by Mrs. Billiot such accident did not arise out of her employment, because Mr. Dinger did not specifically authorize such activity. The facts clearly show that acting as assistant manager, in which job she had considerable discretion in running the bakery, Mrs. Billiot, with her helpers, was engaged in rearranging the back room of the bakery so that donuts could be made on the premises as part of the bakery operation. It is of no consequence that Mr. Dinger did not expressly order the particular activity. The fact that this industrious lady was willing to work long hours late into the night and to show initiative on her job is to her credit; and certainly, cannot be used to penalize her. We find that Mrs. Billiot was working at her job within the course and scope of her employment at the time of her fall and injury. See Malone-Johnson, Workers' Compensation Law and Practice, § 161, p. 303.
The next issue before us is whether the trial court erred in awarding penalties and attorney's fees. The trial judge found *626 that the employer knew of the injury, the medical treatment, and the hospitalization, yet had failed to make any effort to ascertain the extent of her injuries or to compensate her in any way. There was ample notice to the employer of the injury. Despite this, Alton's Bakery denied compensation and still does so. The failure and refusal to undertake an investigation of the employee's claim and the denial of compensation benefits in light of the employer's knowledge of facts makes the refusal of benefits arbitrary and capricious and subjects the defendant to statutory penalties and attorney's fees. LSA-R.S. 23:1201.2; Self v. Riverside Companies, 382 So.2d 1037 (La.App. 2 Cir. 1980), writ denied, 385 So.2d 793 (La.1980). Under the circumstances of this case we consider the award of penalties and the award of attorney's fees in the amount of $1,500.00 to be reasonable and appropriate.
In the answer to this appeal, the plaintiffs seek an increase in the award and additional attorney's fees. The record does not support an increase in the award. The trial court found that there was no medical evidence to show that Mrs. Billiot was disabled beyond April 19, 1979. The court allowed benefits during the period of disability. Additional attorney's fees on appeal must be denied because the plaintiff is seeking additional relief denied at the trial level and denied on appeal. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3 Cir. 1979).
The rule of appellate review dictates that we must give great weight to the trial judge's fact conclusions, especially where credibility is concerned. We find that there is sufficient evidence in the record to support the conclusion of the trial judge. Accordingly, we affirm the judgment appealed at appellant's costs.
AFFIRMED.