447 So.2d 1204 (1984)
Albert Joseph HENRY
v.
ALLIED INDUSTRIAL SERVICES, INC. et al.
No. 83-CA-675.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Robert R. Faucheux, Jr., Reserve, for plaintiff-appellee.
Stephen L. Williamson, New Orleans, for defendants-appellees.
Before BOUTALL, CHEHARDY and GAUDIN, JJ.
GAUDIN, Judge.
Appellants are Allied Industrial Services, Inc. and its insurance carrier, contending that a May 19, 1983 judgment of the 29th Judicial District Court requiring them to pay 100 weeks of workmen's compensation to Albert J. Henry was not supported by the testimony and evidence. We agree, and reduce the award to ten weeks.
Mr. Henry was employed by Allied Industrial Service for approximately two months in 1979 when he complained of a skin condition, contact dermatitis. Because he had worked for this employer for less than one year, he was required by LSA-R.S. 23:1031.1(D) to show by an overwhelming preponderance of the evidence that the contraction of his dermatosis occurred during his two-month employment and that he was subsequently disabled by this occupational disease and therefore entitled to extended workmen's compensation payments.
*1205 The evidence did not substantiate either of these possibilities. The medical testimony, particularly that of the treating dermatologist, Dr. Jack P. Murphy, showed (1) that Mr. Henry had suffered from contact dermatitis long before he went to work for Allied Industrial Services and (2) that his period of disability, following the flare-up of the disease while at Allied Industrial Services, lasted only a short time.
Mr. Henry had worked at a lumber mill for many years prior to going to Allied Industrial Services, and Dr. Murphy was asked if Mr. Henry had mentioned skin problems related to the lumber company. Dr. Murphy replied:
"He stated that he had had rashes since he worked at the lumber mill."
Another physician, Dr. Remy F. Gross, treated Mr. Henry from September, 1974 to August, 1979 for dermatological conditions.
Nonetheless, Mr. Henry's contact dermatitis did break out again during his Allied Industrial Services employment and he is entitled to some benefits. The aggravation of a condition is compensable, in accord with Self v. Riverside Companies, Inc., 382 So.2d 1037 (La.App. 2nd Cir.1980), writs denied at 385 So.2d 793, and many similar cases.
Dr. Murphy said that Mr. Henry is allergic to things found in lumber yards and at Allied Industrial Services, such as uncured or "oozing" wood and certain kinds of metals, including nickel. The doctor noted that "... as a laborer, he is going to have that problem all his life...," and added:
"There's no cure. Occasionally you may see a patient 50 years later and test them, and they won't be allergic, but that's probably an immune system change, and really has little clinical applications. For all practical purposes, he's allergic to these things for the rest of his life."
On appeal, Mr. Henry's main contention is that a trial judge's findings in a workmen's compensation should not be changed unless manifestly erroneous. Appellant cites Clay v. Bituminous Coal Corp., 401 So.2d 1257 (La.App. 1st Cir.1981), writs denied at 409 So.2d 616; Harris v. Louisiana-Pacific Corp., 420 So.2d 1220 (La.App. 3rd Cir.1982), and several other decisions with synonymous holdings. However, we have carefully considered Mr. Henry's testimony along with the medical evidence, and the record does not support a period of disability, because of the manifestation of contact dematitis while appellant was at Allied Industrial Services, of more than ten weeks. Mr. Henry was employed elsewhere within this period of time, and he said that he worked the following year without missing any days because of his allergy.
For these reasons, the appealed-from judgment is amended to award workmen's compensation for ten weeks. In all other aspects, the district court decree is affirmed.
AMENDED AND AFFIRMED.