KLIEBERT, Judge.
This is a suspensive appeal by defendants, Alton Ochsner Medical Foundation (Ochsner) and its workmen’s compensation insurance carrier, Argonaut Insurance Companies, from a judgment in favor of Ochsner’s employee, Janet G. Furtado, awarding to her weekly compensation benefits and all medical expenses incurred, together with penalties and attorney’s fees. For the reasons which follow, we amend the judgment and as amended, affirm.
Plaintiff originally filed suit claiming a work related accident occurred on June 29, 1973 and praying for compensation benefits from her employer, Ochsner. On May 23, 1980 the trial court dismissed plaintiff’s claim. Thereafter, on April 7, 1982, at 413 So.2d 528 (4th Cir.1982), the Fourth Circuit Court of Appeal reversed the district court, finding the plaintiff had sustained a work related permanent disabling injury and hence was entitled to compensation benefits computed at $65.00 per week for 500 weeks, medical expenses and legal interest. On September 17, 1982, at 420 So.2d 171 (La.1982), the Louisiana Supreme Court denied defendants’ application for writs of review.
Defendant then filed a petition in the Fourth Circuit Court of Appeal contending the weekly benefit amount should have been computed at $49.00 per week rather than $65.00 per week as computed by the Fourth Circuit and requesting the court issue a corrected judgment. While this was pending in the appellate court, the defendant filed in the trial court an application for a stay of execution of the court of appeal judgment pending the taking of action by the appellate court on defendants’ petition for a corrected judgment. The record does not indicate whether the district court granted the stay order.
On December 13, 1982, the plaintiff, through her attorney, filed a motion in the district court for penalties and attorney fees based on the failure of the defendants to pay any portion of the benefits prescribed by the appellate court judgment of April 7, 1982. Thereafter, on November 30, 1982, plaintiff filed a motion with the trial court to fix medical expenses, none of which had been paid by the defendant. Following a hearing, both motions were taken under advisement by the trial court.
While the motions were pending, the Fourth Circuit rendered a judgment, on June 13, 1983, amending its original judgment of April 2, 1983 to show weekly compensation benefits of $49.00 instead of $65.00 per week. Plaintiff applied to the Louisiana Supreme Court for writs. On September 30, 1983, at 439 So.2d 1069 (La. 1983), the court granted the writs saying:
“Granted. The Court of Appeal judge had no authority to amend a judgment which had become final on September 17, *379 1982 when this Court denied writs. The judgment in effect on that date is reinstated, and the purported judgment of June 13, 1983 signed by Judge Garrison is vacated.”
Thereafter, on October 28, 1983, the trial judge rendered judgment on plaintiffs motions. This judgment recast Ochsner and Argonaut for compensation benefits of $65.00 per week and awarded $2,000.00 as attorney fees to the plaintiffs counsel. Additionally, the judgment cast the defendants for “all medical expenses incurred by the plaintiff, Janet G. Furtado. ” It is from this judgment the defendants appeal.
Although defendants appealed from the entire judgment rendered on October 28, 1982, they do not now complain of the amount fixed on the weekly compensation benefit. Rather, on appeal the defendants contend the trial court erred in allowing to plaintiff medical expenses in excess of $25,-000.00 and in awarding the plaintiffs counsel attorney fees of $2,000.00.
The contended medical expense error is grounded in the contention that at the time of the accident (1973), by virtue of the passage of Act 103 of 1968, the Workman’s Compensation Statute, R.S. 23:1203, provided for the payment by the employer of a maximum of $25,000.00 in medical expenses. Plaintiff on the other hand contends that under the original judgment of the Fourth Circuit Court of Appeal plaintiff was entitled to payment of all medical expenses incurred. Hence, although in error, since the judgment is now final, plaintiff contends she is entitled to payment of all medical expenses incurred.
It is well established that under our law the workman’s compensation statute in effect at the time of the injury is the applicable statute under which an injured employee’s benefits are to be computed. Bilbo v. Highlands Insurance Co., 271 So.2d 541 (1st Cir.1972), writs denied 275 So.2d 780 (La.1973); White v. Johns-Manville Sales Corp., 416 So.2d 327 (5th Cir.1982). Clearly, the statute in effect (R.S. 23:1203) at the time of plaintiff’s injury set a cap of $25,-000.00 on the amount of medical expenses an employer was obligated to pay.[1]
The original judgment of the Fourth Circuit Court of Appeal awarded to the plaintiff “medical expenses. ” In our view such an award can only be construed as the medical expenses recoverable under the provisions of the statute on that date. Hence, the plaintiff’s arguments as to the finality of the original Fourth Circuit judgment are not material here. Simply, the original Fourth Circuit judgment did not award unlimited medical expenses. Further, a subsequent amendment to the statute increasing the amount of the medical expenses an employee may be entitled to recover does not affect the plaintiff’s claim here. See Campbell v. Fidelity & Casualty Co. of New York, 339 So.2d 339 (La.1976).
Therefore, we agree with the defendants’ contention that the trial court erred in awarding the plaintiff medical expenses in excess of $25,000.00 and, hence, will amend his judgment accordingly.[2]
The motion for attorney’s fees filed by plaintiff alleged the defendants were arbitrary and capricious in withholding benefits after the judgment of the court of appeal was rendered and became final. We agree that an insurer is not arbitrary and capricious in failing to pay when there are serious legal questions left to be resolved. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). In the instant case, however, after the rendition of judgment by the court of appeal and denial of writs by the supreme court, defendant had no justification in withholding all benefits. The tendering of partial payment was not made until several months following the date on which the original Fourth Circuit judgment became final and only after several demands and the filing of the motion for penalties and attorney fees. We cannot *380 say, therefore, that the trial court erred in awarding attorney fees of $2,000.00.
In brief, plaintiff argues for an increase in the amount of the award. However, plaintiff neither appealed nor answered the defendants’ appeal. Additionally, we believe the fees awarded by the trial judge are sufficient to cover the work performed in the trial court and the appellate court, for in our view the attorney’s fees are to compensate plaintiff attorney for the work performed in enforcing the payment of the original Fourth Circuit judgment and not for the work performed in obtaining the original judgment.
In conclusion then, we amend that portion of the trial court’s judgment of October 28, 1983 pertaining to the award for medical expenses to read as follows:
“It is further ordered, adjudged and decreed that the defendants, Alton Ochsner Medical Foundation and Argonaut Insurance Companies, pay all medical expenses incurred by the plaintiff, Janet G. Furtado, as a result of the accident, but not exceeding a total of $25,000.00.” and as amended, affirm the judgment. Each party to bear his own cost of the appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. Unless the injured employee proved “hardship” the cap would be $12,500.00.

. The defendants concede plaintiffs case met the hardship requirements for the $25,000.00 cap to apply.