BRUNSON, Judge Pro Tern.
The singular issue to be addressed on this appeal is whether the trial court was in error in finding that the plaintiff-appellant failed to prove by an overwhelming preponderance of evidence that her medical condition of contact dermatitis was contracted in the course of employment.
The plaintiff-appellant began employment with the defendant-appellee, Ditto Apparel of California, Inc. in June of 1979. Her duties consisted primarily of sewing as a seamstress, although she occasionally pressed and packaged jeans and shirts.
Several months, but less than one year, after commencing her employment, Mrs. Crumbley began to experience many of the symptoms of contact dermatitis. She received medical attention, but the condition ostensibly forced her to leave her job in July of 1980.
On June 22, 1981, Mrs. Crumbley brought this suit for workmen’s compensation benefits against Ditto and its compensation carrier. The trial of the merits was on July 31, 1984. In that trial, it was established that Mrs. Crumbley was treated for seborrheic dermatitis in January of 1979, prior to commencing her employment with Ditto.
On the basis of the lay and medical testimony, and documentary evidence, the trial judge found that the plaintiff-appellant had failed to bear the necessary burden of proof and therefore dismissed the suit.
R.S. 23:1031.1(D) provides in pertinent part that an occupational disease contracted by an employee while performing work for a particular employer for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment. However, the statute provides that this presumption can be rebutted by an overwhelming preponderance of evidence.
This court’s review of the findings of the trial judge under the standard of the mentioned statute is limited to a simple determination of whether from the evidence in the record this court can conclude that the trial judge was manifestly in error or clearly wrong in his finding. Arceneaux v. Domingue, 363 So.2d 1330 (La.1978). This same standard applies to workmen’s compensation cases. Clay v. Bituminous Casualty Corporation, 401 So.2d 1257 (La.App. 1st Cir.1981); Harris v. Louisiana Pacific Corporation, 420 So.2d 1220 (La.App. 3rd Cir.1982); Henry v. Allied Industrial Services, Inc., 447 So.2d 1204 (La.App. 5th Cir.1984).
Our careful analysis of the record reveals ample evidence for the findings of the trial judge.
*302 In addition to the mentioned fact that the plaintiff-appellant sought treatment for dermatitis five months before going to work for Ditto, the following evidence from the testimony of physicians by deposition and/or report is significant:
1) Dr. Frank Ingrish testified that he diagnosed that Mrs. Crumbley's problem was contact dermatitis on May 5, 1980. He also testified that although certain chemicals used in dyes could cause dermatitis, he did not know specifically that Mrs. Crumbley was exposed to any particular chemical. He also testified that the problem Mrs. Crumbley experienced with her eyes during two consecutive springs could have been caused by seasonal allergies.
2) Dr. George Mowad testified that he diagnosed Mrs. Crumbley’s problem on February 10 or 11, 1980, to be seborrheic dermatitis (essentially a scalp condition as similarly diagnosed by Dr. Ingrish in January of 1979). While he admitted the possibility of error in that diagnosis of contact dermatitis, he presented no testimony that would connect his diagnosis to Mrs. Crumbley’s employment. He further testified that he had no knowledge of Mrs. Crumbley’s condition since November of 1980.
3) Dr. Philip Laborde, an Ophthalmologist, testified that at least part of Mrs. Crumbley’s eye problems were caused by a condition called blepharo-chalasis. While he did testify that he would suspect that the eye problems could be caused by a sensitivity to certain dyes, he also testified that he found no indication of a dermatitis of the eyelid.
Under the above, we find no manifest error on the part of the trial judge in his finding and ruling that the plaintiff-appellant failed to bear the necessary burden of proof and that her case be dismissed. Accordingly, the judgment is affirmed.
AFFIRMED.