COVINGTON, Chief Judge.
The issue in this worker’s compensation case is whether plaintiff proved by a preponderance of the evidence that he sustained a work-related accident on March 20, 1984, and that he is disabled as a result of this accident.
Plaintiff, Estus Sykes, Jr., began working for Texas Eastern Corporation in 1962. He alleged that during the mid-sixties, he sustained an on-the-job injury which required several operations on his back; but that although he still suffered with intermittent back pain, he continued to work for Texas Eastern. Sykes also alleged that on March 20, 1984, he was working alone as an employee of Texas Eastern, when he injured himself by lifting a heavy gas control valve from the floor and putting it on a test stand, which accident aggravated a prior injury, causing injury to back, neck and shoulders. Sykes testified that although his back hurt after the accident, he continued to work. Subsequently, plaintiff saw Dr. Kent Martin, an internist, complaining of his back injury. He was referred to Dr. Thomas C. Turner, an orthopedist, who examined Sykes on May 3, 1984. Sykes’ primary complaints were of pain in the neck, right shoulder and right arm. Dr. Turner admitted Mr. Sykes into the hospital and placed him in traction. Sykes stayed in the hospital for five days. On May 5, 1984, Mr. Sykes’ employment was terminated by Texas Eastern.
After a trial on the merits, the trial court found plaintiff had suffered a job-related injury and was disabled, stating:
... the Court finds that Mr. Sykes suffered a job related injury on March 20th, 1984, that said injury disabled him, that he was totalled disabled during the month of May of 1984, and for that period of time is entitled to $1,733.16 in compensation. Court having found that his average monthly wage was $2,600.00 per month, from June 1st, 1984 to December 31st, 1984, that Mr. Sykes is entitled to $1,731.60 per month. That from January 1st, 1985 to December 31st, 1985, that Mr. Sykes is entitled to ... $1,608.26 per month, and thereafter that Mr. Sykes is entitled to benefits as provided in Revised, Louisiana Revised Statute 23:1221, Paragraph 3. That the employer is held liable for all medical bills previously incurred by Mr. Sykes in connection with this injury and any future medical bills. That Mr. Sykes’ attorney is awarded the sum of $3,500.00 in attorney’s fees, and that statutory penalties are assessed against the employer, and that judicial, legal interest be paid from date of judicial demand until the claim is paid....
After hearing on motion for new trial on the question of benefits, the trial court awarded plaintiff $245 per week from May 1, 1984, through December 1, 1985, and continued supplemental earnings benefits after that date.
Defendant appeals, contending that the trial court erred in finding that Sykes sustained an on-the-job injury on March 20, 1984, or was disabled in any way as the result of the alleged injury.
*496 The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed even though the reviewing court considers its own evaluations and inferences are as reasonable. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978).
Further, in evaluating the evidence, the uncontradicted testimony of a witness, even though the witness is a party, should be accepted as true in the absence of circumstances in the record casting suspicion on the reliability of the testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).
In the instant case, there is no evidence to contradict Sykes’ testimony that he sustained a work-related injury to his back while lifting a heavy gas control valve on March 20, 1984. The defense offered no testimonial evidence. Plaintiff is corroborated in some respects by the testimony of his wife and his station supervisor. The supervisor testified that Sykes had complained to him about the March, 1984, injury at that time. The medical treatments given to Sykes were given soon after the March, 1984 accident.
As did the trial judge, we find sufficient corroboration of the plaintiff’s testimony in this instance. See, Billiot v. Alton’s Bakery of Morgan City, Inc., 398 So.2d 624 (La.App. 1 Cir.1981).
After reviewing the record, we are convinced that the evidence does support a finding that plaintiff suffered a job-related injury on March 20, 1984, and that his injury disabled him. The trial court’s finding is not manifestly erroneous. See, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, we affirm the judgment at appellant’s costs.
AFFIRMED.
LeBLANC, J., dissents and assigns reasons.