JjLUCIEN C. BERTRAND, Jr., Judge Pro Tem.
This appeal arises from an alleged work-related accident which occurred in May of 1992. The claimant, Larry Trimble, filed suit against his employer, HADCO Services, Inc., for worker’s compensation benefits and medical expenses incurred after he injured his back while moving pipe at a job site. Finding insufficient proof of the occurrence of an accident, the hearing officer dismissed the suit, and Trimble has appealed. We reverse and render a decision on the merits.
In his reasons for judgment, the hearing officer determined that Trimble had not met his burden of proving, with clear and convincing evidence, that an accident occurred. The hearing officer stated: “While a claimant’s normal burden of proof in establishing the occurrence of an accident is a ‘preponderance of the evidence,’ the greater burden of ‘clear and convincing evidence’ must be met in the occurrence of an accident that is supported only by that claimant’s testimony.” This rule of law was specifically overruled and described by the Supreme JjCourt as “legally incorrect” in Bruno v. Harberb Intern. Inc., 593 So.2d 357, at 364 (La.1992). Rather, “the worker’s burden of proof, even if the worker is the sole witness of the accident, is by a preponderance of the evidence.” 593 So.2d at 364.
The hearing officer’s error of law mandates reversal. Because the record before us is complete, we are compelled to conduct a de novo review of these proceedings and render a decision on the merits of the claim. See Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
Trimble contends that he hurt his back at a HADCO job site on his last day of work as an independent contractor. He testified that while handling some pipe, he twisted and heard his back pop. He continued working to finish the job. He testified that several days later he told a coemployee that his back was hurting and he was going to see a doctor. Within another few weeks, he told the office personnel about the accident and submitted his medical bills for reimbursement. Trimble then filed this worker’s compensation claim.
Defendants point out that Trimble did not present any corroborating testimony of his alleged accident from coworkers who were either at the scene or to whom Trimble told of his injury other than the office personnel. Defendants also contend that Trimble never officially reported an accident, and they specifically denied Trimble’s testimony that he spoke to HADCO’s president about his accident. Additionally, HADCO’s president testified that he was never able to verify Trim-ble’s account of an accident.
The medical evidence in the record reveals that Trimble saw his family physician, Dr. Romero, on May 22 and May 29, 1992. He was complaining of severe back pain which he associated with handling some pipes two weeks before. Dr. Romero prescribed Ismedication, but when that did not help, he referred Trimble to his orthopedist, Dr. Hebert.
Dr. Hebert saw Trimble on June 8, 1992. Trimble gave a history of back pain after lifting some pipes. Dr. Hebert recommended physical therapy, but Trimble could not afford to pay for therapy. Dr. Hebert saw the claimant again on June 22 with essentially the same findings and again recommended physical therapy. In July, he told Trimble he did not need to come back until he had started therapy. Dr. Hebert kept him on no-work status and continued his medications. Trimble then sought treatment at University Medical Center and remained on no-work status at the time of trial.
The medical evidence also reveals that Trimble has a life long history of back problems due to a congenital condition. He was disabled from heavy manual labor in the early 1970s and again in the mid 1970s, at *647 which time he was treated by Dr. Hebert (1975 to 1980). At that time, Dr. Hebert did not think Trimble should return to heavy manual labor. He strongly recommended vocational rehabilitation.
Dr. Hebert did not see Trimble between 1980 and 1992. During those years, Trimble continued to suffer from back pain, but not to the extent that he was unable to work. In fact, Trimble testified that he worked continuously during those 13 years doing heavy manual labor, even though Dr. Hebert had advised against this.
When Trimble returned to Dr. Hebert in 1992, Dr. Hebert did not suspect any change in his back condition. Rather, Dr. Hebert noted that his symptoms of back pain were exacerbated and that the incident at HADCO “aggravated an already abnormal situation.” Dr. Hebert felt that the lifting incident at HADCO contributed to his inability to do manual labor.
UTrimble had the burden of proving a work-related accident by a preponderance of the evidence. As was stated by the Supreme Court in Bruno, supra:
A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 La.Civil Law Treatise, Workers’ Compensation, § 253 (2d Ed.1980). Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson [v. Roadway Express, 588 So.2d 350 (La.1991) ] supra. Corroboration may also be provided by medical evidence. West, supra.
593 So.2d at 361.
The facts that Trimble did not immediately notify his employer of the accident and did not immediately file an accident report are not necessarily factors which discredit Trim-ble’s testimony concerning his accident. Trimble testified that he initially thought he had sustained only a minor injury such as a pulled muscle that would get better soon. The record shows that Trimble’s job had ended and he did not intend to see a doctor immediately after his injury. Only when his pain did not subside after a few weeks did Trimble decide to seek medical treatment and report the injury to his employer. In the month following the accident, Trimble saw two physicians, both of whom recorded as history Trimble’s account of a work-related accident.
We find these circumstances sufficient to corroborate Trimble’s testimony of a work-related accident. We do not find the absence of testimony from coemployees, or the irreconcilable testimony of Trimble and the HAD-CO president concerning a phone conversation, to cast “serious doubt upon the worker’s version of the incident.” Bruno, supra, at p. 361. Rather, our review of the record supports a finding that Trimble proved by a preponderance of the evidence that he sustained a work-related injury.
| sin addition to finding insufficient proof of a work-related accident, the hearing officer also found Trimble failed to prove with clear and convincing evidence that he is disabled as a result of his alleged injury. The hearing officer was correct in characterizing Trimble’s burden of proof as the higher clear and convincing standard. See La.R.S. 23:1221. However, the hearing officer erred in failing to distinguish Trimble’s pre-exist-ing medical condition from a disability that renders him unable to work.
Dr. Hebert testified that Trimble should not have been doing heavy work as early as the 1970s. From Dr. Hebert’s viewpoint, Trimble was disabled. However, the facts show that Trimble was working. Therefore, he necessarily was not “disabled” for purposes of the worker’s compensation law. This is similar to the cases of Connor v. Jones Bros. Enterprises, 606 So.2d 996 (La.App. 4th Cir.1992), writ denied, 612 So.2d 62 (La.1993); Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990); and Sykes v. Texas Eastern Transmission Corp., 531 So.2d 494 (La.App. 1st Cir.1988), all of which involved a pre-existing condition *648 which did not render the claimant unable to work and a subsequent disability for which compensation was owed.
In Walton v. Normandy Village Homes Assoc. Inc., 475 So.2d 320 (La.1985), the Supreme Court held that a pre-existing disease or infirmity of the employee does not disqualify a claim if the work-related injury aggravated, accelerated, or combined with the disease or infirmity to produce disability for which compensation is claimed. 475 So.2d at p. 324.
In this case, the defendants do not dispute the fact that Trimble is disabled. Their position is that Trimble is disabled from a congenital condition, not from a work-related injury. [(¡The hearing officer relied on parts of Dr. Hebert’s testimony and found in favor of the defendants’ position. However, the hearing officer disregarded Dr. Hebert’s opinion that the lifting incident at HADCO contributed to Trimble’s inability to do manual labor. Dr. Hebert described the incident as one that “aggravated an already abnormal situation” and, by history, exacerbated his symptoms of pain. Further, the injury was an “aggravation of what his back condition was before.” The trial judge’s description of Dr. Hebert’s testimony ignored the essential fact that Trimble was able to work before the lifting incident and was unable to work after the incident. The burden of proof shifted to the defendants to prove, by a preponderance of the evidence, that Trimble’s work-related injury did not accelerate, aggravate or combine with his preexisting condition to produce his disability. The defendants failed to meet this burden of proof.
It is well settled law in Louisiana that an employer takes his worker as he finds him, and that where a work-related accident or injury might have little effect on a healthy worker, the employer is liable for worker’s compensation for whatever disability results in the claimant from a work-related injury or illness. Stewart v. Louisiana Plant Service, Inc., 611 So.2d 682 (La.App. 4th Cir.1992), writ denied, 616 So.2d 706 (La.1993).
We believe the evidence in the record is sufficient to prove a work-related injury resulting in disability. However, we do not believe Trimble has proved that he is permanently disabled or that he cannot be rehabilitated. (The medical records from UMC do not address these questions.) In fact, we agree with Dr. Hebert’s suggestion that it would be in Trimble’s best interest to undertake job retraining or education.
|7Therefore, in accordance with La.R.S. 23:1226, we will order the defendants to provide vocational rehabilitation or educational services to Trimble. During his rehabilitation or education, Trimble is entitled to temporary disability benefits and medical expenses. A determination of the permanency of Trimble’s disability cannot be made at this time.
Additionally, Trimble is entitled to past due compensation from the date of the accident in the stipulated amount of $175.00 per week, with interest from the dates due. Trimble is also entitled to $220.00 in medical expenses. Although other medical bills were offered into evidence, they were not proven to be related to the accident, and therefore, cannot be awarded.
Given the circumstances of this case, we will not award penalties and attorney’s fees.

DECREE

For the foregoing reasons, the judgment of the administrative hearing officer is reversed. Defendants are ordered to pay temporary total disability benefits and medical expenses to Larry Trimble in accordance with this opinion and to provide him with vocational rehabilitation and/or educational services.
Costs of this appeal are assessed to the defendants.
REVERSED AND RENDERED.